**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**CLEVELAND DIVISION**

)
)
)
*Victorio C. Rodriguez M.D.(Pro Se)* )
**Plaintiff** )
)
)
-VS- )
)
)
**UNITED STATES OF AMERICA** )
**ET AL (defendant)** )
**(GEORGE KNAPPENBERGER M.D.)** )
)
-------------------------------------------- )
**INDIVIDUAL DEFENDANTS** )
**CHARLES MOORE** )
**MURRAY D. ALTOSE M.D.** )
)
)
)
)

CASE NO. **14CV2526**

JUDGE **JUDGE GWIN**

**MAG. JUDGE BAUGHMAN**

**PARTIES:**

**PLANTIFF:**

**VICTORIO C. RODRIGUEZ M.D. (PRO SE)**
**7791 HOERTZ ROAD**
**PARMA, OHIO 44134**
Tel. 440-884-6908
**Vietnam Veteran /Bronze Star**
**COMPENSATION FILE #-28-365-780**
**20 % DIABETES MELLITUS TYPE II(02/28/2006)**
**20%  PERIPHERAL NEUROPATHY (RT. LOWER EXTRIMITY)(02/28/2007)**
**20% PERIPHERAL NEUROPATHY(LEFT LOWER EXTRIMITY)(02/28/2007)**
**10% ISCHEMIC HEART DIASEASE(04/19/2010)**
**Overall Disability Rating --60%**
**DEFENDANT**

**1. UNITED STATES OF AMERICA ET AL**
          **Washington D.C.**

**1 of 21**

2. <u>INDIVIDUAL DEFENDANTS:</u>

   (1)CHARLES MOORE

      VETERANS Regional SERVICE CENTER MANAGER

      Cleveland(Ohio) Regional Office

      A.J. Celebrezze Federal Building

      1240 East 9th Street,Cleveland, Ohio 44106

      Tel. 1-800-827-1000

   (2)MURRAY D. ALTOSE M.D.

      INTERNIST(PULMONOLOGIST), SERVICE LINE  MANAGER –

      TERTIARY MEDICAL/SURGICAL ,VISN 10

      CHIEF OF STAFF, MEDICAL STAFF

      LOUIS STOKES CLEVELAND VA MEDICAL CENTER

      10701 East Blvd., Cleveland, Ohio 44106

      Tel.(216) 791-3800

## COMPLAINTS

<u>COUNT 1</u>.    Plaintiff,  Victorio C. Rodriguez M.D.
Practicing  Family Practice for 42 Years in Ohio, pursuant  to the
Federal Torts Claims Act,  28 U.S.C. 1436(b), 28 U.S.C. 2671 to 2680,
seeks <u>Monetory Compensation</u> in the amount of $ 30,000,000.00, arising
from defendant United States of America's negligent in the timely
management, unreasonable delay, in the care, treatment of
Plaintiff's <u>Ischemic Heart Disease</u> resulting to an Acute elevated ST
Myocardial Infarction in which the Plaintiff almost died.
NEGLIGENCE --IF THE FOLLOWING WERE COMMITTED:

  <u>(a)Duty of Care</u>- Dr. George Knappenberger , Primary Care
Physician -- an Internist – Geriatrics . He is the Primary Care Physician
who has been treating  the Plaintiff  for  all of his heath problems  since
May 17, 2007  to  July 14, 2014 after he was transferred to Louis Stokes
Cleveland VA Medical Center.

  <u>(b)Breached of Duty</u>—Unreasonable delay in the management and
care of Plaintiff's persistent left sided chest pain due to Ischemic Heart
Disease.  From May 24,  2007 to  December 17, 2012(when the plaintiff
suffered an Acute Heart Attack).

  (c) Harm – Plaintiff suffered an Acute Elevated ST Myocardial
Infarction while asleep, which woke him, if not he should have died.

  (d)Damaged- Plaintiff's morbidity and mortality of sudden
cardiac death has increased, overall health has gotten worst.

<u>COUNT 2</u>.  This Court has jurisdiction under:
  (1) Bivens v. Six unnamed employees of the federal Bureau of
       Narcotics  403 U.S. 388(1971)
  (2) Carlson v. Green 446 U.S. 14(1980)
  (3) Davis v. Passman 99 S. Ct. 2264(1979)
  (4) Cushman v. Shinseki 576 F. 3d 1290(Fid. Cir 2009)
  (5) Havel v. Villa St. Joseph 131 Ohio St. 3rd 235(2012),
O.R.C 2135-21(B)<u>Constitutional-</u> Ohio Supreme Court- plaintiff
requests bifurcation for Punitive and compensatory damages for
flagrant violations of plaintiff's constitutional rights.
    PLAINTIFF , <u>SEEKS COMPENSATORY AND PUNITIVE DAMAGES</u>
<u>FROM THE INDIVIDUAL DEFENDANTS FOR FLAGRANT VIOLATION OF</u>
<u>THIS SETTLED CONSTITUTIONALLY PROTECTED DUE PROCESS</u>
<u>PROPERTY RIGHTS(ISCHEMIC HEART DISEASE) UNDER THE 5TH</u>
<u>AMENDMENT OF THE U.S. CONSTITUTION.</u>

### Jurisdiction and Venue
COUNT 1.  <u>FEDERAL TORT CLAIMS ACT(FTCA)</u>
    This court has jurisdiction  over this subject matter pursuant to
28 U.S.C. 1331 . This action arises under the laws of the United States
of America, premised on the acts and omissions of the defendant
acting on the <u>color of federal law</u>.
    This court has further subject matter jurisdiction pursuant to
Federal Torts Claims Act (FTCA)28 U.S.C. 1346(b), 2671-2680, in
that this claim is against the defendant United States of America, for
money damages, accruing on or after January 1, 1945 for personal
injury caused by <u>the negligent and wrongful acts and or omissions of</u>
<u>employees of the government</u>, while acting within the course and scope
of their office or employment, under the circumstances where the
defendant  if a private person would be liable to the plaintiff.
    The Plaintiff sent the Administrative claim Standard form 95
to <u>Dennis Mcguire Regional Counselor, Region 7 -- Ohio/West Virginia</u>
via certified mail  on April 26, 2014. This  administrative claim was
referred to  Michael Biddel. The Standard form 95 was received on
April 29, 2014  and acknowledged by Lisa Hoffman/ Michael Biddel.
    Michael Biddel, Regional Counsel  requested  additional
information  in accordance with 28 C.F.R. part 14, <u>There was  no denial</u>
<u>yet of this administrative claim.</u>

Daniel Rattray, Regional Counsel 23 --North Carolina/ Virginia <u>DENIED the administrative claim on July 3, 2014 wherein he has no jurusdction.</u>

This lawsuit is timely and pursuant to 28 U.S.C. 2401(b) in that it was presented to the appropriate federal agency within two years (December 17, 2012) of accrual and this action was filed <u>six months after there was no</u> <u>action by the Regional Counsel 7 of the Federal Agency with jurisdiction.</u>

Under the Federal Tort Claims Act(FTCA), the Department of Veterans Affairs has six months to investigate the claim and render a decision , 28 U.S.C. 2675(a), 28 C.F.R. 14.9

This Venue is proper in this jurisdictional district pursuant to 28 U.S.C. 1391(b) and 1391(c) as plaintiff resides and the negligent and wrongful acts or omissions giving rise to these claims occurred in the same location (Cuyahoga County, Ohio).

## THE FEDERAL TORT CLAIMS ACT (FTCA)

Is a Statute that was passed by the United States Congress allowing certain claims to be brought against the United States government for the negligent or wrongful acts of its employees for property damage, personal injury or death of any government employee while acting within the scope of his/hers office or employment. The provisions are found in title 28 U.S.C. 1346(b) 1402(b), 2401(b) and 2671-2680 and also, the FTCA regulations are found in 28 C.F.R. 14.1--14.11, 543.30--543.32.

Because of it's Sovereign Immunity, the United States cannot be sued unless it consents to be sued.

The FTCA waives the U.S. government sovereign immunity if its employees are negligent or wrongful within the scope of their employment, however its waiver of sovereign immunity is limited.

This lawsuit is about Discretionary Acts exemptions by the United States et al/ Dr. George knappenberger- primary care physician of the Plaintiff since May 24, 2007 to July, 2014 when he was transferred to Lois Stokes Cleveland VA Medical Center.

There was negligence in the timely management, unreasonable delay in the care, treatment of plaintiff's Ischemic heart disease resulting to an Acute elevated ST myocardial infarction. This was brought about by Dr. Knappenberger failure to assess the status of the Plaintiff's coronary arteries having a history of persistent left sided chest pain due to Ischemic Heart disease. The Cardiac MRI which Dr. Knappenberger ordered was withheld by a Radiologist who reports to the Chief of Medical Staff/Dr. Murray D. Altose. So the buck stops with Dr. Murray D. Altose .

Dr. Knappenberger is responsible for referring the Veteran to a Cardiologist to help him in the management, treatment of Veteran's Ischemic Heart Disease. <u>Plaintiff requested Cardiology consult but was not ordered and or ignored. He was negligent in not re-ordering Cardiac MRI.</u>

Dr. Knappenberger was negligent <u>in not informing the Plaintiff, the results of his Bilateral Duplex Carotid Scan which showed moderate narrowing by atheromatous plaques of the Left Internal Carotid Artery</u>. This test was ordered by Parma Optometry Out Patient Clinic on September 8, 2012 by Dennis Tustan, cosigned by Vincent Driggs.

This was ordered because of intermittent flashing of lights in the superior right Eye. This is to rule out emboli coming from the Carotid arteries or the Coronary arteries. <u>Atheromatous plaques develops first in the coronary arteries before the carotid arteries.</u>

Dr. Knappenberger should have re ordered the Cardiac MRI to confirm the diagnosis , assess the status of plaintiff coronary arteries.

Cardiologists should have been consulted specially with the history of agent orange exposure, diabetes mellitus type II hypertension, hyperlipidemia, neuropathies.

<u>THESE ACTIONS ARE ALL NEGLIGENT OMISSIONS AND COMMISSIONS BY DR. KNAPPENBERGER IN NOT RE-ORDERING</u> the Cardiac MRI, consultations to a cardiologist, assess the status of the coronary arteries of the Plaintiff.

<u>THESE ARE</u> Non Discretionary acts as in RE:
(a) <u>Jackson v. Kelly, 557 f. 2d 735 (10th Cir 1977)</u>
  The court held that a Doctor's exercise of Medical Judgment does not necessarily involve discretion for the Discretion Exception.
(b) <u>Henderson v. Bluemink 167 U.S. App. D.C. 161, 511 F. 2d 399</u>
  The court held that Purely Medical and not Governmental Judgment in nature are NON DISCRETIONAL.

c) Berkovitz v. United States, 486 U.S. 531(1988)The court held that, if you asked the U.S. government employee if they exercised  Judgment or Choice in doing what they did. Conduct can not be discretionary unless it involves an element of judgement or choice. The discretionary exception will not apply when a federal statue, regulation or policy specifically prescribes a course of action that an employee has to follow Re: Dalehite v. U.S.

COUNT 2.  Individual defendants Charles Moore and
     Murray D. Altose M.D. are not the same lawsuit and are different
     from the Federal Tort Claims Act(FTCA) in Count 1.
          42 U.S.C. 233, does not apply in this Case.
          INDIVIDUAL DEFENDANT'S  are charged with FLAGRANT VIOLATION OF THE CONSTITUTIONALLY SETTLED DUE PROCESS PROPERTY RIGHTS OF THE PLAINTIFF UNDER THE 5TH AMENDMEN OF THE U.S. CONSTITUTION.
          These individual Defendants can not be afforded qualified immunity, because the Defendants committed OBJECTIVE AND SUBJECTIVE BAD FAITH.
          The DUE PROCESS OF THE  5th amendment of the U.S. Constitution are known by these Individual Defendants:
     1.  Dr. Murray D. Altose
          Chief of Medical Staff, Louis Stokes Cleveland VA Medical
          Center,manager tertiary Medical/surgical VISN 10
     2.  Charles Moore/Cleveland VA Service Center Manager
          Refer to Attachments for 1 and 2.

PLAINTIFF;
          The Plaintiff/veteran comes from Baguio City, Mt. Province, Philippines. He finished his Medical School from the   Far Eastern University, Institute of Medicine, Manila, Philippines in 1966.
          After passing the Educational Council for Foreign Medical Graduates(ECFMG) in 1966, the plaintiff immigrated to the United States in 1967. He did his Rotating Internship from St. John's Hospital, Cleveland, Ohio in 1968. The plaintiff then volunteered to  join the United States Army - 1969-1971.
          The Plaintiff was a Battalion Surgeon with the 1/501,  101st Airmobile Division stationed near the demilitarized zone in Vietnam from 1969 to 1970. His unit, a maneuver battalion was

involved with Operation Lamar Plains, wherein Sergeant Santiago Erevia was just awarded the Congressional Medal of Honor by President Obama. The Veteran was awarded the Bronze Star Medal. He was discharge in 1971 with the rank of Major.

The Plaintiff was not aware nor was informed that his Army Unit, the 1/501st, 101st Airmobile Division was sprayed and or exposed to Agent Orange while he was in Vietnam from 1969 to 1970.

The Plaintiff was a member of the Medical Staff with admitting privileges at St. Alexis Hospital, Cleveland, Ohio from about 1979. The hospital was acquired by another corporation, changing the name to St. Michael's Hospital till its closure in 2003.

The Plaintiff was admitted as a 24 hour observation through the Emergency room at St. Alexis Hospital in about 1987. There are no more medical records found after all Medical Records of the plaintiff were transferred to St. Vincent Charity Hospital following the closing of St. Michaels Hospital in about 2003.

Dr. Conrad Javier was his attending Physician who is now retired and has no more medical records of the veteran. The plaintiff was diagnosed as having Diabetes Mellitus type 2 in 1987.

Dr. Lolita Agra prescribed insulin, oral diabetic pills in the 2000. She has no more medical records of the plaintiff.

Being a practicing Family Physician , the Plaintiff treated himself.

1. In the late 2006, the Plaintiff saw an advertisement in an RTA bus here in Cleveland, Ohio, encouraging Vietnam Veterans who has Diabetes Mellitus type II, to register for Agent Orange Registry Examination.

2. February 28, 2007 :
     The Plaintiff /Veteran submitted VA 21-526 form (VONAPP) for disability compensation with the Veterans Administration.
     (Exhibit A-Notes from Cleveland VA Regional Center)

3. April 27, 2007 :
     The Plaintiff/Veteran went for Agent Orange Registry Examination at the Brecksville VA, Ohio. Physician Assistant, John P. Birdsell did the registry examination. Aside from the other tests, he ordered an EKG because of episodes of chest pain and palpitations.

7 of 21

The EKG showed non specific ST changes, Q wave changes (ischemic?) in lead III, but was read as normal. He was then scheduled for Stress Test.

The Plantiff was scheduled for STRESS Test on June 11, 2007 by Physician Assistant Birdsell because of chest pain.

The Plaintiff being a physician told Physician Assistant Birdsell that stress tests are not reliable and are non diagnostic. The Plaintiff reminded P.A. Birdsell that the former <u>President Clinton had a normal Stress Test, but he had Coronary By Pass Surgery.</u>
(Exhibit B- Progress Notes from Louis Stokes Cleveland VA)

4. <u>May 24, 2007, 12:53</u>

Dr. George F. Knappenberger, Primary Physician – Internist-Geriatrics.

He saw the Veteran for enrollment in the VA Health Care System.

The Veteran told him that he was having chronic dyspnea on exertion due to Diabetic Gastroparesis with distention of the stomach, gets better when he lays down. He also has occasional left sided chest pain and is scheduled for Stress Test on June 11, 2007.

Tobacco use/abuse--- just occasional, socially, No alcohol
ED- since 2000,tried Viagra, Levitra, Cialis but made his eyes red.
Semi-retired has an office on East 55th street.
( Exhibit C---- Progress Notes taken from the Louis Stokes
          Cleveland VA Medical Center)

5. <u>November 6, 2007, 14:49</u>

Compensation/Pension Examination.
Nurse Practitioner Jean Reed did the Examination
Receipt acknowledge by Barbara Fleming – Endocrinologist
11/06/2007 21:40
Her findings:
(a)Diabetes Mellitus type 2 on insulin
(b)Peripheral Neuropathy of the lower Extremities since 2000
          (Exhibit D—progress notes from Louis Stokes Cleveland VA)

6. The Veterans Administration awarded these disabilities:
(a) 20% Diabetes Mellitus type II(02/28/2007)
(b) 20% Peripheral Neuropathy Right lower Extremity(02/28/2007)
(c) 20% Peripheral Neuropathy Left lower Extremity (02/28/2007)
          Total Disability Rating 50%

Conditions Not Service Connected, Not Granted
(1) Conjunctivitis associated with herbicide exposure
(2) Diabetic Gastroparesis associated with Diabetes Mellitus type II
(3) Dermatitis
(4) Chloracne associated with herbicide exposure
(5) Neurocirculatory asthenia
(Exhibit E- Notes from Cleveland VA Regional Office)

7. <u>December 12, 2007</u>  The Plaintiff sent Notice of Disagreement to the Veterans Administration, was received on December 12, 2007. These are about the effective dates of Diabetes Type II, peripheral neuropathy of the lower extrimities and those diseases, conditions that are not service connected.
(Exhibit F- Compensation File records from the Cleveland VA regional Office)

8. <u>January 2, 2008</u>
Reply from Plaintiff's Notice of Disagreement by the Veterans Administration. In Re: 325/213A/KRB
(a) Entitlement to an earlier effective date than Feb. 28, 200 for the grant of service connection for Diabetes Mellitus type II
(b) Evaluation of Diabetes type II
(c) Service connection of Dermatitis
(d) Service connection for Diabetic Gastroparesis
(e) Service connection for Neuro-circulatory asthenia
(Exhibit G--Compensation File from the Cleveland VA Regional Office)

10. <u>April 9, 2009 3:25</u>
Plaintiff letter for Reconsideration to Veterans Administration addressed to Christine Alford ,Veterans Service Center Manager Acknowledge by VA on 04/09/2009.
Also, 37 CFR 1.132 Declaration of Victorio C. Rodriguez M.D.
(Exhibit H--Compensation File from VA)

11. <u>May 16, 2009</u>
Plaintiff Notice of Appeal to the Department of Veterans Affairs Acknowledged by Veterans Administration on
05/18/2009 10:50 A.M.
(Exhibit I--Compensation File from VA)

12. <u>October 21, 2009 1: 58</u>
Parma Community General Hospital Emergency Room Observation:

Diagnosis: Headache, visual disturbances, Hypertension
Release of Plaintiff records to the Veterans Administration
Acknowledged by  VARO CLEVELAND 11- Jun 2010, 2:13 P.M.
(Exhibit J—)

13. October 22, 2009
    Notice of Disagreement from Victorio C. Rodriguez M.D.
    In Re: 213 A/GFS Response from Veterans Administration
    Issue: Entitlement to an effective date prior to
          February 28, 2006, for service connection of
          Diabetes Mellitus type II
    (Exhibit K)

14. MAY 12, 2008: Reply to request for medical records  from
    St. Alexis Hospital, from St.Vincent Charity Hospital received
    "INDICATING THAT THE VETERAN HAD NOT BEEN SEEN"
    (Exhibit L--Compensation Fiile from VA)

15. JUNE 29, 2009 -Reply from St. Vicent Charity Hospital
    " INDICATING THE INFORMATION REQUESTED IS NOT
    FOUND IN THE MEDICAL RECORD"
    The above means to say that I have a MEDICAL RECORD
    that I was admitted at St. Alexis Hospital which contradicts the
    Veterans Administration statements -- May 12, 2008
    My Blood Sugar was about in the 250's.
         (Exhibit M- File from VA)

16. Definition of Benign. This is about DRO who reviewed my notice
    of disagreement statement that my Abdominal distention is Benign.
    That I have no complaints—this is (clear and Unmistable Error)
         (Exhibit N-- Compensation File from VA)

17. Plaintiff's Notice of Appeal to the Veterans Administration Board
         of Appeals—11/07/2009
    Acknowledge by VA- November 24, 2009 1:46
         (Exhibit O-- Compensation File records from VA)

18. June 6, 2009 :Compensation and Pension Exam Inquiry from the
Cleveland  VA  Regional  Office Requester : Contact KristenRomoser-
Breno
05/06/2009-- Gastroenterology consult to Cleveland Clinic.
Asking for the Cleveland Clinic colonic transit report. There is
no report available   in the electronic medical record
( Exhibit P --Medical Records from Louis Stokes Cleveland VA )

19. <u>November 7, 2009</u>
   Plaintiff Appeal to the Board of Veterans Affair
   Received by 325 Varo Cleveland 11,  November 24, 2009 1:46 P.M.
   (Exhibit Q—Compensation file from VA)

20. April 15, 2010 12:54
   Review - Medical Records of Victorio C. Rodriguez M.D. by
   Nurse Practitioner Jean Reed – Compensation/Pension Exam
   04/15/2010
   Report: 67 year old veteran ,family practice physician ,diagnosed
   with diabetes mellitus type II, hypertension in 1987 was
   hospitalized for dizziness and weakness at St. Alexis Hospital.
   Also partial ileus , colonic polyps, ED, hemorrhoids,
   dry eyes, eczema, degenerative joint disease. He began treatment
   with Dr. Javier, who started him on oral Agents, insulin was
   added in the 2000's.  <u>Smokes a couple of cigarettes per year.</u>
   <u>Denies alchohol consumtion.</u>
        <u>EKG NSR, possible inferior infarct , age undetermined.</u>
   Signed by Judith AS. Reed  Nurse Practitioner- 04/15/2010  12:54
   Receipt acknowledged by  Amy B. Schechter M.D. Internist
   04/16/2010
   (Exhibit R-- Medical  Records taken from Louis Stokes
                    Cleveland VA)

22. May 10, 2010 : Department of  Veterans Affairs asking why
   mental  examination—for Neurocirculatory asthenia was cancelled.
             Response by Victorio C. Rodriguez M.D.
   He is modifying his claim for <u>Chest Pain is due to Ischemic Heart</u>
   disease instead of <u>Neurocirculatory asthenia.</u>
        <u>If the Cardiac MRI ordered by his primary phyasician was</u>
   <u>found to be normal,</u> plaintiff will proceed to Neurocirculatory
   asthenia. <u>Acknowledged by VA ---05/10/10--- 325 EP 020 Doc</u>
   (Exhibit S--Compensation File Record taken from VA)

23. Progress Notes from Louis Stokes Cleveland VA Medical Center
   (Medical Records taken from Louis Stoke Cleveland VA Medical
   Center) Patient on 04/15/10---for further evaluation of chest pain.
   <u>The patient is adamant  to have Cardiac MRI, EKG- possible</u>
   <u>inferior infarct—Cardiac MRI was ordered.</u> Veteran explained
   the reasons why.
             (Exhibit T-file from Louis Stokes Cleveland VA)
                    11 of 21

24. <u>June 9, 2010</u>
Letter from the Department of Veterans Affairs working on
Victorio C. Rodriguez M.D.  claim for <u>ISCHEMIC HEART
DISEASE</u> requesting  additional evidence IN RE: 325/211B/SFC
June 9, 2010
(Exhibit U- File Records taken from VA)

25. <u>June 26, 2010</u>
Statement in of Support of Claim Response of
Victorio C. Rodriguez M.D.  IN RE : 325/211B/SFC
June 26, 2010,  Acknowledged by VA—July 01, 2010   2:13 P.M.
Veteran(being a physician) requested his primary physician
an internist-Geriatric  to order Cardiac MRI instead of Cardiac
Catherization, or stress test, explained the reasons why. He said
he will ask permission from you.
<u>Veteran further said if something happens to him the Veterans
Administration will be responsible.</u>
<u>Dr. Knappenberger also told the veteran that he only answers
to the Veterans Administration and not to his patien</u>ts.
(Exhibit V--Compensation File Records from VA)

26. Cardiac MRI was ordered  because  <u>Plaintiff's disabilities</u>
prevents him from doing other non invasive and invasive  cardiac
tests, non invasive  non diagnostic for Coronary Artery Diseases.
(a) Stress Test: His Ileus –colonic neuropathy , Abdominal
distention causes him to have shortness of breath.
(b) His peripheral neuropathy of both lower extremities –hard to
do Stress test, this involved the lower extremities.
(c) Cardiac Catherization – because of complications.
(Exhibit W--Medical record taken from Louis Stokes
Cleveland VA Medical Center)

27. The Department of Veterans Affairs Compensation and Inquiry
Requester : Richard VanWinkle – Regional Office Tiger Team
Re: Exams on Intestine, Peripheral Nerves, Skin
( Taken from Compensation Records from the Veterans
Administration)
(Exihibit X  Compensation File from VA )

28. <u>November 11, 2010</u>
   Paul B. Bartos, M.D.
   Heart Examination Report –Diagnosis--Ischemic Heart Disease
   Waiting for Cardiac MRI Report
      (Report taken from Louis Stokes Cleveland VA Medical Center)
               (Exhibit Y -Compensation File from VA)
29. Letter of Victorio C. Rodriguez M.D. to MES SOLUTIONS :
   SCHEDULING FOR STRESS TESTING AT THE AKRON
   GENERAL HOSPITAL.
   (Copy of Report from the Compensation File of the Plaintiff from
    the Veterans Administration)
               (Exhibit Z—from Compensation File VA)
30. December 28, 2010
   Department of Veterans Affairs  Rating Decision –
   December 28, 2010 FOR ISCHEMIC HEART-
   VICTORIO C.  RODRIGUEZ M.D.
    (Exhibit 1(a)-from the Compensation-file of the Plaintiff)
31. <u>February 5, 2011</u>
   Notice of Disagreement of  Victorio C. Rodriguez M.D. with
    Regards to the Ischemic Rating Decision of the Veterans
    Administration on 12/28/2010.
    Veteran did not refuse Stress Testing.
    The explanations are:
     (a) Abdominal distention causing shortness of breath
     (b)  Peripheral Neuropathy of the lower extremities.
     (c)  Recent myocardial infarction is contraindicated.
   (This record was taken from the Compensation file of the plaintiff
   from the VA).
   <u>Acknowledged by the Veterans Administration –01-24/2011</u>
               (Exhibit 1(b)— file from VA)
32. <u>January 26, 2012</u>
   Reply -- Department of Veterans Affairs Cleveland Regional
   Office to the Notice of Disagreement of Victorio C. Rodriguez M.D.
      a.  Entitlement to an evaluation of greater than 10% for service
   Connection for <u>ISCHEMIC HEART DISEASE.</u>
      <u>The  Veterans Administration noted that the outpatient</u>
   <u>medical records from the Cleveland VA Medical Center last</u>
   <u>appointment on January 26, 2012, that there were no result of the</u>
   <u>CARDIAC MRI and plaintiff was complaining of atypical chest</u>
   <u>pain.</u>               13 of 21

<u>The VA instructed the Plaintiff to submit the most recent CARDIAC MRI so that he might be eligible for a higher disability Evaluation. They should have known the Cardiac MRI was denied.</u>

b. Entitlement to an effective date prior to April 19,2010 for Service connection for ISCHEMIC HEART DISEASE.

<u>Plaintiff instructed the VA</u> that he is claiming Ischemic Heart Disease if the result of the Cardiac MRI was positive for Coronary Disease and not Neuro-Circulatory Asthenia(Soldier's Heart Disease – 02/ 28 /2007-Agent Orange Registry Examination).

(Exhibit 1(c) – file from VA)

33. Progress Notes: Optometry Clinic(Parma VA outpatient)

Author: Tustan, Dennis September 28, 2012 @15:19

Cosigner—Vincent Driggs September 28, 2012@19:04

Plaintiff was having intermittent superior flashes of light- OD. Bilateral Carotid Duplex Scan was ordered, to rule out emboli of atheromatous plagues from the Carotids.

<u>Atheromatous plagues of the Carotids are also associated with Atheromatous plagues of the CORONARY ARTERIES.</u>

On 10/19/2012 Examination the Bilateral Carotids showed:

Right Carotid is ---- 1- 39% (mild)

Left Carotid is----- 40—59%(moderate)

<u>These test results were acknowledge by Dr. Knappenberger on 10/23/2012 13:41.</u>

<u>The PLAINTIFF (A licensed Physician) was never informed of these vital test results. Having been diagnosed for ISCHEMIC HEART DISEASE WITH PROPERTY RIGHTS BY VA the plaintiff had the right to be informed.</u>

<u>The Plaintiff having persistent left sided chest pain due to Ischemic Heart Disease, the status of the plaintiff Coronary Arteries should have been Assessed by either Cardiac Catherization or by CARDIAC MRI. If these test should have been done earlier, the Plaintiff should not have suffered an Acute elevated ST Myocardial Infarction on 12/17/2012.There was Complete Obstruction(100%) of the midportion</u> of the left Anterior Descending Coronary Artery).

Miraculously, he woke up, if not he should have been dead.

( Exhibit 1(d)  from Louis Stokes Cleveland VA)

34. December 17, 2012  to October 9, 2013
    Hospital Admissions at Parma Community General Hospital
        (a)December 17, 2012
            Acute elevated ST Myocardial Infarction
            Complete occlusion mid portion Left Anterior Descending
        (b)July 20, 2013-Admitted for Chest Pain
        (c)August 2, 2013—Chest pain, Repeat Cardiac Catheterization
        (d)August 25, 2013—Chest pain
        (f)October 9, 2013—Chest pain

    (Exhibit  1(e)- files from Parma General Hospital)

 35.Colonic neuropathy—abdominal distention (on appeal , clear and
    unmistakable error—(CUE)
        Plaintiff was FIRST referred to Cleveland Clinic on
    May 23, 2007, Re -Ordered again on May 31, 2009 .
    These were all denied, over ruled by Dr. Murray D. Altos,
    Chief of Medical Staff, Louis Stokes Cleveland VA Medical
    Center
35.Cardiac MRI was ordered by D. Knappenberger on
    April 18, 2012 5:35  , denied by Radiologist?, but
    Every head of the department reports to the Chief of the
    Medical staff who is Dr. Murray D. Altose where the buck stops in
    his Office.
36.December 19, 2012(after the heart attack also to get prescriptions
    ordered by Dr. Cohen(cardiologist-Parma General Hospita)-
    Appointment with Dr. Knappenber – the Cardiac MRI ordered
    again was denied before the heart attack.
37.On January 9, 2013 13:57(after plaintiff heart attack—12/17/2012)
        Plaintiff had an  Appointment  with the Dermatology
    Department because of dermatitis. Dr. Katz- attending Physician,
    in the presence of Sital Patel- Dermatology Resident, Plaintiff
    complained about Dr. Murray D. Altose withholding the Cardiac
    MRI, having an Acute elevated ST Myocardial Infarction.
    Dr. Katz commented that during their Higher up Meeting  he was
    surprised that Dr. Altose (chief of Staff)  withheld the ordering –
    Cardiac MRI of  plaintiff, that he maybe in bad mood.

38.  Case# 20014-00651-HL0102- VA Office of the Inspector General
( Complaints sent to OIG by Plaintiff)
Answer on January 6, 2014 by:
Susan M. Fueher --Medical Center Director
Louis Stokes Cleveland VA Medical Center
(1) Allegations Unsubstantiated
(2) Findings: Administrative Actions by the Chief of Staff were
appropriate as the Veteran was referred back to Primary Care and
Specialty Providers to determine the most appropriate  course of
treatment.
These are False statements made by Susan Fueher.


June 28, 2014
Response by Plaintiff- sent to the Office of the Inspector General
Copies to :
(1)Rep. Jeff Miller --Chairman House Committee on Veterans Affairs
(2) Senator Bernie Sanders – Chairman-Senate Committee on
Veterans Affairs
(Exhibit 1(f))


39. FRIENDLY FIRE –
BY Senator Tom Coburn M.D
Member Oversight Committee On Veterans Affairs
(Delay,Diagnosis,Treatment,Death,Veterans)
(Exhibit 1(g))
40. Attachments:
(1) Plaintiff—Victorio C. Rodriguez M.D.
(2) Defendants:
(a) Charles Moore- Veterans Center Manager Cleveland
(b) Murray D. Altose M.D.- Chief of Staff, Louis Stokes
Cleveland VA Medical Center
(Exhibit 1(h))
## SUMMARY
This is a 71 year old male Veteran was exposed/sprayed with Agent
Orange while with he was with  the 1/501st, 101st Airmobile Division
stationed near the demilitarized zone in Vietnam from 1969 to 1970.
He was hospitalized in 1987 at St. Alexis Hospital, Cleveland, Ohio
for observation(No records), for weakness, loss of weight, blood sugar
was in  the 240's, diagnosed as having Diabetes Mellitus type II.

The Plaintiff was started on insulin, oral hypoglycemic drugs. He was seen by Dr. Javier(retired and has no medical records ). Dr.Agra saw the plaintiff, prescribed insulin, plus needles.(No Medical records)

The plaintiff being a physician managed his diabetes Mellitus type II. Aside from being Diabetic, these events followed:

Year 2000: (1)Gastro-intestinal problems—Gastroparesis-due to Abdominal distention due to Colonic Neuropathy due to Diabetes Mellitus - II  and or Agent Orange.

(2)Dermatitis due to Diabetes Mellitus type II and or Agent Orange

(3)Peripheral Neuropathy- Lower Extremities due to Diabetes
    Mellitus type II and or Agent Orange

In the late 2006 , Plaintiff saw an ADD from an RTA bus advising Vietnam Veterans who has Diabetes Mellitus type II to Register for Agent Orange. So on February 28, 2007  Plaintiff applied for Compensation/Pension to the Veterans Administration via Internet.

On April 17, 2007, I  went for Agent Orange Registry Examination performed by Physician Assistant John Birdsell  . I complained about having occasional left sided chest pain.  He ordered an EKG showing non specific ST changes lead III- read as normal. The plaintiff was scheduled for Stress Test for June 11, 2007 which was normal.

On May 24, 2007, Plaintiff saw Dr. Knappenberger – Internist-Geriatric for enrollment to the Veterans Health Care System.  He asked questions: Plaintif told Dr. Knappenberger that Plaintiff has been having chronic shortness of breath due to gastroparesis due to Abdominal distention, gets better when he lays down.

On November 6, 2007, plaintiff went for  Compensation/Pension by Nurse Practitioner Jean Reed. Diagnosis: Diabetes Mellitus type II, and peripheral Neuropathy of the right and left lower extremities.

In  December 2007 the Veterans Administration granted the plaintiff these disabilities : 20% Diabetes Mellitus type II(02/28/2006), 20% Peripheral Neuropathy of the Right Lower Extremity(02/28/2007), 29% Peripheral Neuropathy of the Left Lower  Extremity(02/28/2007), Combined Rating of 50%.

### CONDITIONS THAT ARE NOT SERVICE CONNECTED
(1) Conjunctivitis associated with herbicide exposure
(2) Diabetic Gastroparesis associated with Diabetes Mellitus type II
(3) Dermatitis
(4) Chloracne associated with herbicide exposure
(5) Neuro-circulatory Asthenia

<u>December 12, 2007</u>—Notice of Disagreement by Plaintiff
<u>January 2, 2008</u>-------Veterans Administration reply to Plaintiff
<u>May 12, 2008</u>-----------Response from St. Vincent Charity Hospital
        that there are no medical records of the Veteran from
        St. Alexis Hospital.
<u>April 9, 2009</u>-----------Plaintiff letter to VA for reconsideration
<u>May 16, 2009</u>----------Plaintiff notice of appeal to VA
<u>June 6, 2009</u>-----------<u>Compensation and Pension Exam Inquiry Report</u>
 From Cleveland VA Regional Office—Kristen Romoser-Bueno-
 She is asking about the consult to <u>Cleveland Clinic Gastroenterology</u>
Report- No report is found in the Electronic Medical record of Veteran.
<u>June 29, 2009</u>--------- Report from St. Vicent Charity Hospital
 Indicating that <u>VETERAN'S INFORMATION BEING REQUESTED
IS NOT FOUND IN THE MEDICAL RECORD</u>(from Electronic
Medical record of Veteran –from VA) This contradicts VA that the
Veteran was NOT SEEN May 12, 2008 response from St. Vincent
Charity Hospital.
<u>October 21, 2009</u>—Parma Community General Hospital-Veteran was
Seen in the Emergency room—Headache, Visual disturbances,
Hypertension
<u>October 22, 2009</u>—Notice of Disagreement from Veteran
 Effective date of Diabetes Mellitus type II
<u>November 7, 2009</u>--Plaintiff's appeal to the Board of Veterans Affairs
<u>April 15, 2010</u>—<u>Compensation/Pension Examination requested by the
            Veteran's administration</u>:
Nurse Practitioner Reed- april 15, 2010 12:54
Diagnosis: Diabetes Mellitus type II, Hypertension, partial ileus,
Colonic polyps, ED, hemorrhoids, dry eyes, eczema, degenerative joint
Disease. Smokes  2 cigarettes per year,denies alcohol consumption.
EKG—possible inferior infarct, aged undetermined.
Signed: Judith Reed, Nurse practitioner—04/15/2010 12:54
Receipt acknowledged by—Amy B. Schechter M.D.  Internist
04/16/2010

May 10, 2010-
    The Department of Veterans Affairs is asking why the  mental
examination scheduled for the Plaintiff  was cancelled on 04/15/2010.

The plaintiff cancelled the test because the <u>EKG done on the same day-04/15/2010 showed possible inferior myocardial infarction- aged undetermined</u>. This finding could explain the persistent left sided chest pain which I have been complaining to VA since 2007.

The Plaintiff notified the Veterans Administration that a CARDIAC MRI was ordered by Dr. Knappenberger (primary physican), that if the Cardiac MRI is normal he would go on with the mental test for Neuro circulatory asthenia.

This was acknowledge by the Veterans Administration on 05/10/10—325/EP/020 Doc

Dr. Knappenberger ordered the Cardiac MRI referral to be done at Cleveland Clinic Foundation.

The Cardiac MRI was withheld by the <u>Radiologist who reports directly to Dr. Murray D. Altose/ chief of Medical Staff who is responsiblefor all activities of the Medical staff at Louis Stokes Cleveland VA Medical Center.</u>

<u>The Plaintiff was adamant about having the Cardiac MRI, He explained the reasons why he preffered the Cardiac MRI instead of Cardiac Catherization which is the golden procedure to confirm Coronary artery Disease.</u>

<u>June 9, 2010</u>: Letter from the Veterans Administration to the plaintiff asking for additional evidence evidence to support the Ischemic Heart Disease in re: 325/211B/SFC

<u>June 26, 2010</u>: Response by Plaintiff in Re: 325/211/SFC

The plaintiff adviced the Veterans Administration that Dr. Knappenberger ordered the Cardiac MRI and he will ask permission from you. The Plaintiff also adviced the Veterans Administraion that if something happens to the Veteran, the Veterans Administration is responsible. Dr. Knappenberger also comented that he only answers to the Veterans Administration and not to his patients.

This was acknowledged by the Veterans Administration on July 1, 2010 2:13 P.M.

**December 28, 2010:** Disability Rating for the Ischemic Heart Disease By VA—10%-- Advising the VA that he did not refuse stress testing but he is not able to do it because of his disabilities.

**January 26, 2012:** The Veterans Administration noted that there are no results of the Cardiac MRI in the electronic medical record of the Plaintiff. It is well documented in the Plaintiff electronic Medical record that the MRI was withheld and or denied.

**May 1, 2012:** Patient was admitted for 24 observation at Parma Community General Hospital, Parma, Ohio – Dr. Asis Rhakit Transthoracic echo- normal,  Ekg-normal

**September 28, 2012 –** Veteran was seen at the Parma VA out patien clinic because of intermittent flashes of light in the sperior aspect right Eye. Bilateral Duplex Carotid Scan was ordered to rule out emboli from atheromatous plaques from the Carotid arteries or Coronary Arteries.
    Duplex Carotid Scan was done on October 19, 2012 showing moderate atheromatous Plaques of the left Carotid artery – 40 –59%, the Right Carotid –1-39% mild.
    In atheromatous lesions, the Coronary artery is involved first before the Carotids. So in a patient who has history of diabetes, hypertension, persistent left sided chest pain, ischemic heart  disease the patient(being a physician) has to notified right away of this finding.
    Dr. Knappenberger acknowledged receipt of the result Duplex Carotid Scan on October 23, 2012 13:41
    Dr. Knappenberger negligently failed to notify the result of Duplex Carotid Scan to the Plaintiff nor did anything to re-order Cardiac MRI as soon as possible, refering to an interventionist cardiologist to perform Cardiac Catheterization.

**Deember 17, 2012:**
    The Plaintiff suffered an Acute Elevated ST Myocardial Infarction- (100%)complete Obstruction of the mid-portion of the Left Anterior Descending branch of the left Coronary  artery very early in the morning which woke him up. Hew as admitted at Parma Community General Hospital.
    Dr. Jamie Cohen performed emergency Cardiac Catherization inserted two(2) bare metal coronary stents.

The plaintiff was admitted four(4) more times at
Parma Community General Hospital, Parma, Ohio:
    July 19, 2013; August 1, 2013;August 25, 2013;October 9, 2013
    The pattern wherein my Primary Care Physician  Dr. George
Knappenberger were withheld and or denied like: Out of Network
Specialty Consults;Out of Network Special Life Saving Procedures;
Not Re-ordering the above are being obstructed by
Dr. Murray D. Altose, Chief of Medical Staff, Louis Stokes Cleveland
VA Medical Center <u>and these may hold true through out the V.A.</u>
    The above are needed for the further Adjudication of Veteran's
non service connected  disabilities on appeal and to confirm  Veteran's
diagnosis. The Veterans Benefits Administration was requiring the
Veteran to  submit more evidences to substantiate Veteran's Appeals.
    The Veterans Administration pattern of checking the <u>Electronic
Medical record of the Veteran wherein they do not find the needed
evidences like:</u> Results of Consultations; Results of special Medical
Procedures like Cardiac MRI and ETC.
    **THESE EVIDENCES THEY ARE LOOKING FOR ARE <u>NOT
APPROVED, NOT RE-ORDERED, DENIED ARE CLEARLY
FOUND IN THE VETERAN'S ELECTRONIC MEDICAL RECORD.</u>**
    **<u>THE VETERANS ADMINISTRATION  JUST DON'T CHECK OR
IGNORES THEM.</u>**
    **<u>UNLESS THE VETERAN  GETS HIS/HER MEDICAL RECORDS
AND COMPENSATION FILES FROM VA VIA FREEDOM OF
INFORMATION ACT, HE/SHE WILL NEVER FIND OUT WHAT IS
GOING ON WITH HIM.</u>**
    **THESE ACTIONS BY THE PLAYERS AS SENATOR TOM
COBURN (PHYSICIAN)MEMBER OF THE OVERSIGHT
COMMITTEE OF THE VETERANS AFFAIRS FOUND OUT THAT
<u>THESE LEADS TO THE DELAY IN DIAGNOSIS, TREATMENT,
DEATH OF VETERANS.</u>**

Submitted by,

*Victorio C. Rodriguez M.D*

**November /7 2014**    **Victorio C. Rodriguez M.D., Pro Se
7791 Hoertz Rd.
Parma, Ohio 44134
Tel. 1-440-884-6908
E-Mail—victorio.Rodriguez@sbcglobal.net**