UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
VICTORIO C. RODRIGUEZ, :
: CASE NO. 1:14-CV-02526
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Docs. 14, 22]
UNITED STATES OF AMERICA, ET AL., :
:
Defendants, :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case arising out of Plaintiff's alleged mistreatment at the Cleveland Veterans Affairs ("VA") Medical Center, Plaintiff Victorio Rodriguez has moved to file an amended complaint adding claims for spoliation.[1] For the reasons below, the Court **DENIES** Plaintiff's motion.

## I. Background

On November 17, 2014, Plaintiff Victorio Rodriguez sued Defendants United States of America, Charles Moore, and Murray Altose.[2] The complaint alleged that Plaintiff suffered a heart attack as a result of the United States's negligence in the care and treatment of Plaintiff's ischemic heart disease, and that Defendants Moore and Altose violated Plaintiff's rights under the Due Process clause of the Fifth Amendment.[3]

---

[1] Doc. 22. Defendants oppose. Doc. 25. Plaintiff has filed a reply. Doc. 27. Defendants have filed an "objection" to Plaintiff's reply brief. Doc. 28. While they do not move to strike Plaintiff's reply brief, Defendants argue that the Court should not consider it because it impermissibly supplements Plaintiff's opposition to two pending motions to dismiss. Defendants' objection is noted. The Court will consider Plaintiff's reply brief only to the extent it addresses issues that are relevant to the motion to file an amended complaint.

[2] Doc. 1; Doc. 1-1 at 1–2.

[3] Doc. 1; Doc. 1-1 at 2–3.

-1-

Case No. 1:14-CV-02526
Gwin, J.

On May 28, 2015, Plaintiff Rodriguez moved to amend his complaint to add two new claims and two new parties to this lawsuit.[4] Both claims sound in spoliation. First, Plaintiff claims VA Medical Center Director Susan Fuehrer either spoliated Plaintiff's electronic medical records or relied on spoliated medical records when investigating Plaintiff's complaints about his treatment at the VA Medical Center.[5] Second, Plaintiff claims Assistant United States Attorney ("AUSA") David Ruiz—counsel for Defendants in this case—either spoliated Plaintiff's electronic compensation records or relied on spoliated electronic compensation records when drafting a brief in support of Defendants Altose and Moore's motion to dismiss.[6]

## II. Legal Standards

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave of the Court, which "should freely give leave when justice so requires."[7] However, leave to amend may be denied where the amendment would be futile because "the proposed amendment would not survive a motion to dismiss."[8]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant

---

[4] Doc. 22. The motion was timely under the Court's Case Management Order, which required any motions to amend pleadings to be filed by May 29, 2015. *See* Doc. 19 at 1. Nevertheless, the Court's permission is required for a party to amend its pleadings when, as here, more than twenty-one days have passed since Defendants served their first responsive pleadings. *See* Fed. R. Civ. P. 15(a).

[5] Doc. 22 at 1 (citing Doc. 14 at 2).

[6] *Id.* (citing Doc. 14 at 2–3).

[7] Fed. R. Civ. P. 15(a)(2).

[8] *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) and *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

-2-

Case No. 1:14-CV-02526
Gwin, J.

has acted unlawfully."[10] Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[11]

Plaintiff Rodriguez is representing himself in this case. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[12] However, a *pro se* complaint must still meet Rule 8's minimum requirement of a "short and plain statement" showing entitlement to relief.

### III. Analysis

Plaintiff Rodriguez's motion to amend incorporates by reference Plaintiff's earlier-filed "declaration," which actually describes the substance of Plaintiff's allegations.[13] Because the Court treats *pro se* filings liberally, both documents will be considered as one joint motion to amend the complaint. But even with a generous reading, Plaintiff's proposed amendments would be futile.

### A. The FTCA Bars These Claims

With certain exceptions that are not applicable, the Federal Tort Claims Act ("FTCA") is the exclusive vehicle a plaintiff may use to recover damages for a tort committed by a federal agent or employee.[14] Among other things, the FTCA requires that the plaintiff name the United States as a

---

[10] *Id.*
[11] Fed. R. Civ. P. 8(a)(2).
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[13] Doc. 22 (calling this motion a "follow up" to Doc. 14).
[14] 28 U.S.C. § 2679(b).

Case No. 1:14-CV-02526
Gwin, J.

defendant rather than the individual employee,[15] and the FTCA requires the plaintiff make a pre-suit administrative claim with the appropriate agency.[16]

Here, both proposed parties to be joined are individual federal employees: Fuehrer is the Director of the Cleveland VA Medical Center and Ruiz is an AUSA. Further, Plaintiff Rodriguez has not made an administrative claim for the alleged spoliation. Thus Plaintiff's amendments would be futile as his proposed claims are barred by the FTCA.

**B. The Spoliation Claims Do Not Meet the Plausibility Standard**

Even if Plaintiff had complied with the requirements of the FTCA, he still fails to state a plausible claim for spoliation. Under Ohio law, spoliation claims have five elements: first, that at the time of the alleged spoliation there was pending or probable litigation involving the plaintiff; second, that the defendant knew litigation existed or was probable; third, that the defendant willfully destroyed evidence for the purpose of disrupting the plaintiff's case; fourth, that the plaintiff's case was disrupted; and fifth, that damages were proximately caused by the defendant's acts.[17] Plaintiff Rodriguez needs to establish all five of these elements to prevail. But Plaintiff has not alleged any facts that inferentially support his spoliation claims, and thus it would be futile to allow the proposed amendment..

**1. Claim Against Susan Fuehrer**

In 2014, Director Fuehrer investigated complaints Plaintiff Rodriguez made about his treatment at the VA Medical Center.[18] Fuehrer's report of her investigation concluded that

---

[15] 28 U.S.C. § 2679(d)(1).
[16] 28 U.S.C. § § 2401(b), 2675(a).
[17] See *Smith v. Howard Johnson Co.*, 615 N.E.2d 1037, 1038 (Ohio 1993).
[18] Doc. 1-34.

-4-

Case No. 1:14-CV-02526
Gwin, J.

Plaintiff's complaints were "unsubstantiated."[19] Although his motion is unclear, Plaintiff Rodriguez alleges either that Fuehrer relied on electronic medical records that had been falsified to reach this conclusion,[20] or that she intentionally falsified Plaintiff's medical records herself during the investigation.[21]

The former interpretation (reliance on falsified documents) does not itself constitute spoliation, as Fuehrer would not have destroyed evidence herself. And if Plaintiff is asserting the latter interpretation—that Fuehrer herself destroyed evidence—he has done so by merely offering a conclusory allegation that is contradicted by the Plaintiff's own pleadings. In fact, Plaintiff Rodriguez attached his medical records to his initial complaint.[22] As Plaintiff is currently in possession of his medical records—which he admits are true and accurate copies[23]—he cannot simultaneously claim that Fuehrer falsified those same records.

At best, Plaintiff appears to be disagreeing with the conclusions in Director Fuehrer's report. While Plaintiff may dispute what the medical records show, the existence of such a dispute does not in itself raise a plausible inference of spoliation.

**2. Claim Against David Ruiz**

On March 24, 2015, AUSA Ruiz filed a memorandum in support of Defendants Altose and Moore's motion to dismiss, in which the Defendants argue that Plaintiff's claims against them

---

[19] *Id.*

[20] Doc. 14 at 1 ("Susan Fuehrer['s]" report found that "all allegations were not substantiated by using the Plaintiff's electronic medical records that were spoliated.").

[21] Doc. 22 at 1 ("[I]ntentional spoliation of Plaintiff's medical and compensation records which were committed by Susan M. Fueh[r]er.").

[22] *See* Doc. 1-12; Doc. 1-22; Doc. 1-33.

[23] *See* Doc. 14 at 1.

Case No. 1:14-CV-02526
Gwin, J.

should have been brought in the Court of Veterans Appeals.[24/] Again, although his motion is unclear, Plaintiff Rodriguez alleges either that Ruiz relied on falsified compensation records in writing the memorandum,[25/] or that Ruiz falsified Plaintiff's compensation records himself.[26/]

The former interpretation is not a cognizable legal claim for which relief may be granted. If Plaintiff made this claim, there would be no allegation that Ruiz destroyed evidence. And the latter interpretation of Plaintiff's complaint once again merely asserts a vague conclusion without any factual support. Plaintiff claims to be in possession of his unaltered electronic compensation records, and claims that those records do not support Defendants' arguments.[27/] But Plaintiff Rodriguez cannot simultaneously claim to be in possession of his compensation records and also assert that Ruiz wilfully destroyed them. Furthermore, Plaintiff has had the opportunity to oppose Defendants Altose and Moore's motion to dismiss,[28/] so any alleged misrepresentations cannot have been said to have damaged Plaintiff or disrupted this case.

Again, while Plaintiff may disagree with AUSA Ruiz's reading of the record, that does not mean that Ruiz has committed spoliation.

### IV. Conclusion

For the forgoing reasons, the Court **DENIES** Plaintiff's Motion to File an Amended

---

[24/]Doc. 5.
[25/]Doc. 14 at 2 ("[Ruiz] is basing his opinion on the spoliated electronic compensation record of the Plaintiff.").
[26/]Doc. 22 at 1 ("[I]ntentional spoliation of Plaintiff's medical and compensation records which were committed by . . . David A. Ruiz.").
[27/]Doc. 14 at 3.
[28/]*See* Doc. 9.

Case No. 1:14-CV-02526
Gwin, J.

Complaint.

    IT IS SO ORDERED.


Dated: July 14, 2015                                         s/     *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE