UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

VICTORIO C. RODRIGUEZ, : CASE NO. 1:14-CV-02526
:
      Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. 5]
UNITED STATES OF AMERICA, ET AL., :
:
      Defendant. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiff Victorio Rodriguez claims Defendants Murray Altose and Charles Moore, who are employees of the Department of Veterans Affairs ("VA"), violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment by depriving him of his vested property interest in VA benefits.[1/] Defendants Altose and Moore have moved to dismiss the claims against them.[2/] For the following reasons, the Court **GRANTS** the motion and **DISMISSES** the claims against Defendants Altose and Moore.

**I. Background**

In 2007, Plaintiff Rodriguez began receiving treatment at the VA Medical Center in Cleveland, Ohio, for various conditions.[3/] In 2010, Plaintiff was determined to be ten percent disabled due to his ischemic heart disease.[4/] In 2011, Plaintiff appealed that decision, arguing that he should have a higher disability rating, but that he was not given the proper tests to evaluate his

---

[1/] Doc. 1 at 3.
[2/] Doc. 5. Plaintiff opposes. Doc. 9. Defendants have replied. Doc. 13.
[3/] Doc. 1 at 7–8.
[4/] *See* Doc. 1-24.

-1-

Case No. 1:14-CV-02526
Gwin, J.

condition.[5] Specifically, Plaintiff says that his primary care physician, Dr. Knappenberger, referred Plaintiff for a heart MRI, but that some unknown radiologist "withheld" that order so that Plaintiff never received the heart MRI.[6] With this suit, Plaintiff additionally alleges that the failure to perform the proper tests in 2010 directly contributed to a heart attack he had in 2012.[7]

Plaintiff claims that Defendants Altose and Moore violated Plaintiff's rights under the Due Process clause of the Fifth Amendment because they oversee the radiologist who allegedly "withheld" the heart MRI.[8] Defendant Altose is the Chief of Staff for the Cleveland VA Medical Center.[9] Defendant Moore is the Veterans Service Center Manager for the Cleveland Regional Office.[10] Plaintiff brings his claims against Defendants Altose and Moore as a *Bivens* action, which allows an individual to sue a federal agent for money damages when that agent has violated the individual's constitutional rights.[11]

Although Plaintiff's complaint is unclear, he appears to be alleging that he had a right to receive the heart MRI and that the decision to "withhold" it violated his due process rights, either because it lowered his disability rating (and thus the amount of benefits he receives), or because it led to his 2012 heart attack.

## II. Subject-Matter Jurisdiction

Defendants Altose and Moore first argue that this Court lacks subject matter jurisdiction over

---

[5] Doc. 1-25; Doc. 1-1.
[6] Doc. 1 at 5.
[7] *See* Doc. 1-1 at 2–3.
[8] Doc. 1 at 5–6; Doc. 1-1.
[9] Doc. 7 at ¶ 3.
[10] Doc. 5-1 at 2.
[11] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Case No. 1:14-CV-02526
Gwin, J.

Plaintiff Rodriguez's claims because they are "a thinly veiled attempt to challenge the VA's decision" regarding what disability flowed from Rodriguez's ischemic heart condition.[12] The Veterans Judicial Review Act ("VJRA") requires that the VA's benefits determinations first be reviewed by the United States Court of Appeals for Veterans Claims, with appeals from that court taken to the Federal Circuit.[13] "Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues."[14]

While Plaintiff has a protected interest in VA benefits that he is qualified for,[15] this Court is not the proper forum for him to challenge the VA's benefits determination. A plaintiff may only bring a *Bivens* action against a federal agent if Congress has not provided an equally effective remedy for the violation of the individual's constitutional rights.[16] With the VJRA, Congress has created a comprehensive remedial structure for disputes about VA benefits determinations that precludes the use of a *Bivens* action.[17] This Court does not have jurisdiction over Plaintiff's claims against Defendants Altose and Moore to the extent Plaintiff is using this suit to challenge the VA's disability determination.

### III. Failure to State a Claim

Defendants Altose and Moore also argue that, to the extent Plaintiff alleges that not receiving

---

[12] Doc. 5-1 at 6; *see* Fed. R. Civ. P. 12(b)(1).

[13] 38 U.S.C. §§ 511, 7252, 7292; *Newsom v. Dep't of Veterans Affairs*, 8 F. App'x 470, 471 (6th Cir. 2001) (per curiam).

[14] *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997).

[15] *See Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009).

[16] *See Left Fork Mining Co. v. Hooker*, 775 F.3d 768, 774 (6th Cir. 2014) (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

[17] *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009); *Sugrue v. Derwinski*, 26 F.3d 8, 12 (2d Cir. 1994); *see Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997) ("Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues.").

Case No. 1:14-CV-02526
Gwin, J.

a heart MRI could implicate due process concerns, the complaint fails to state a claim on which relief can be granted.[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[20] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[21]

Plaintiff Rodriguez is representing himself in this case. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[22] However, a *pro se* complaint must still meet Rule 8's minimum requirement of a "short and plain statement" showing entitlement to relief.

Although Plaintiff Rodriguez's complaint is unclear, he may be alleging that Defendants Altose and Moore violated his due process rights by virtue of overseeing the unknown radiologist who "withheld" Plaintiff's heart MRI, which allegedly led directly to Plaintiff's 2012 heart attack. In a *Bivens* action, however, the plaintiff must plead that each "Government-official defendant, through the official's *own individual actions*, has violated the Constitution."[23] Plaintiff Rodriguez's assertion of supervisory liability does not satisfy this standard.

---

[18] Doc. 5-1 at 7–11; *see* Fed. R. Civ. P. 12(b)(6).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[20] *Id.*
[21] *Id.*
[22] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[23] *Iqbal*, 556 U.S. at 676 (emphasis added).

Case No. 1:14-CV-02526
Gwin, J.

Plaintiff has not alleged any facts in his complaint that suggest either Defendant Altose or Defendant Moore personally engaged in any conduct that is relevant to this case. Plaintiff says that the heart MRI he should have received "was withheld by a [r]adiologist who reports to" Defendant Altose.[24] Plaintiff then says that because Defendant Altose is the Chief of Staff for the Cleveland VA hospital, "the buck stops with" him.[25] Plaintiff similarly asserts that because Defendant Moore is the Veterans Service Center Manager, Moore was negligent in "allow[ing]" Altose to withhold the heart MRI.[26] Plaintiff's allegations that Defendants acted "flagrantly," "intentionally," or "negligently" with respect to his case are merely conclusory labels that the Court need not take as true.

Because Plaintiff has failed to allege that Defendants Altose and Moore individually engaged in any conduct that harmed him, let alone any unconstitutional conduct, he has not stated a claim upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons the Court **GRANTS** Defendants Altose and Moore's motion and **DISMISSES** Plaintiff's claims against them.

IT IS SO ORDERED.

Dated: July 15, 2015                    s/     *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[24] Doc. 1 at 5.
[25] *Id.*
[26] *See* Doc. 1-1 at 2.