UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                      :

VICTORIO C. RODRIGUEZ,           :        CASE NO. 1:14-CV-02526

                           :

          Plaintiff,           :

                           :

v.                            :        OPINION & ORDER

                           :        [Resolving Doc. 6]

UNITED STATES OF AMERICA,    :

                           :

          Defendant.         :

                           :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In this case brought under the Federal Tort Claims Act ("FTCA"), Plaintiff Victorio Rodriguez alleges he received negligent medical care from the Department of Veterans Affairs ("VA") and that care led to him having a heart attack.  Defendant United States of America has moved to dismiss the claim.[1]  For the following reasons, the Court **DENIES** the motion to dismiss.

## I. Background

      In April 2007, Plaintiff Rodriguez began receiving treatment at the VA Medical Center in Brecksville, Ohio, for various conditions related to his exposure to Agent Orange during his service in the Vietnam War.[2]  One of the conditions noted at the time Plaintiff began receiving treatment was "occasional left-sided chest pains."[3]  An EKG and a stress test done at that time showed no

---

    [1]Doc. 6.  Plaintiff opposes.  Doc. 9.  Defendant has filed a reply.  Doc. 12.  Plaintiff has, without the Court's leave, filed a sur-reply.  Doc. 17.  Although not authorized under the Rules, *see* L.R. 7.1, Defendant has not objected to the sur-reply and therefore the Court will consider it.

    [2]Doc. 1 at 7–8; Doc. 1-5.

    [3]Doc. 1-5 at 2.

Case No. 1:14-CV-02526
Gwin, J.

problems with Plaintiff's heart.[4]

On April 15, 2010, during a compensation and pension examination, Plaintiff was given an EKG. The EKG showed that Plaintiff may have suffered a mild heart attack in the past.[5]

On May 10, 2010, Plaintiff sought treatment at the VA hospital for chest pain. Plaintiff's primary physician at the VA hospital, Dr. George Knappenberger, recommended that Plaintiff undergo either a stress test or a cardiac catheterization.[6] Plaintiff refused these tests, and instead demanded a cardiac MRI, which Dr. Knappenberger ordered.[7] Because the VA Medical Center did not have the equipment to perform this test, Dr. Knappenberger requested that Plaintiff be referred to the Cleveland Clinic.[8] Plaintiff never received the cardiac MRI, though, because for reasons not specified in the record currently before the Court, the referral was not approved.[9]

In September 2012, Plaintiff went to the VA ophthalmology clinic because he was experiencing vision problems.[10] Based on his symptoms, the ophthalmologist ordered a carotid scan. The scan, which was performed in October 2012, revealed a "moderate" plaque build-up in Plaintiff's left carotid artery.[11] The scan results were sent to Dr. Knappenberger, but they were never given to Plaintiff.[12]

On December 17, 2012, Plaintiff suffered a heart attack. He was treated at the Parma

---

[4]*See* Doc. 1 at 17; Doc. 1-5 (noting that stress test will be performed); Doc. 1-16 at 2 (describing results of stress test performed June 11, 2007); Doc. 1-18 at 3 (same).

[5]Doc. 1 at 11; Doc. 1-16 at 3.

[6]Doc. 1 at 12; Doc. 1-18 at 2.

[7]Doc. 1-18 at 2.

[8]Doc. 1-18 at 3; Doc. 1-23.

[9]*See* Doc. 1 at 19–20; Doc. 1-28 at 2.

[10]Doc. 1 at 20; Doc. 1-27 at 2.

[11]Doc. 1-27 at 3.

[12]Doc. 1 at 20; *see* Doc. 1-27 (receipt acknowledged by Dr. Knappenberger).

Case No. 1:14-CV-02526
Gwin, J.

Community General Hospital with the insertion of two coronary stents.[13]

On November 17, 2014,  Plaintiff filed this suit against the United States claiming that the negligence of the VA employees led to his 2012 heart attack.  Plaintiff says that if he had been given the cardiac MRI in 2010, or at least had been told the results of his September 2012 carotid scan, he could have taken immediate corrective action that would have prevented his heart attack.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14]  The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[15]  In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[16]

Plaintiff Rodriguez is representing himself in this case.  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[17]  However, a *pro se* complaint must still meet Rule 8's minimum requirement of a "short and plain statement" showing entitlement to relief.

## III. Analysis

Defendant United States raises two grounds for dismissing Plaintiff Rodriguez's claims.

---

[13]/Doc. 1 at 20; Doc. 1-33.

[14]/*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15]/*Id.*

[16]/*Id.*

[17]/*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Case No. 1:14-CV-02526
Gwin, J.

First, that this suit is barred by the FTCA's two-year statute of limitations for filing an administrative

claim.  Second, that Rodriguez failed to attach to his complaint an affidavit of merit required under

Ohio law.  Both grounds lose.

### A. Statute of Limitations

The United States first argues that Plaintiff Rodriguez's claim is barred by the statute of

limitations.  The FTCA, which provides a limited waiver of the government's sovereign immunity,

requires that the plaintiff present an administrative claim to the proper federal agency before filing

a lawsuit against the United States.[18]  If the administrative claim is not presented within two years

of the time the claim "accrues," then the claim is "forever barred."[19]  If the administrative claim is

denied, the plaintiff must bring suit within six months of the denial.[20]

Plaintiff sent his administrative claim form to the VA on April 26, 2014; it was denied on

July 3, 2014.[21]  With this motion, the United States says Plaintiff Rodriguez's suit is time barred

because his claim accrued no later than June 26, 2010, when Plaintiff complained to the VA about

not having received the cardiac MRI he had demanded.[22]  Thus, says the United States, Plaintiff's

filing of an administrative claim in April 2014 was almost two years too late.

In making this argument, the United States confuses Plaintiff Rodriguez's claimed

injury—his 2012 heart attack—with the alleged tortious conduct causing it—negligent care that

---

[18] 28 U.S.C. § 2675(a).

[19] 28 U.S.C. § 2401(b).

[20] *Id.*

[21] Doc. 1 at 3.  Plaintiff did not attach copies of these documents to his complaint, which the Court finds to be somewhat surprising since Plaintiff attached almost 300 pages of other VA records as exhibits to his complaint. Nevertheless, the United States does not dispute that Plaintiff presented his administrative claim on April 26, 2014.  *See* Doc. 6-1 at 6.

[22] Doc. 6-1 at 5–6.

-4-

Case No. 1:14-CV-02526
Gwin, J.

occurred in 2010.

"Typically, a tort claim accrues under [the FTCA] 'at the time of the plaintiff's injury.'"[23] Thus, in a medical negligence case, the plaintiff's claim does not accrue until the injury actually manifests itself, even if the plaintiff was earlier aware of the tortious conduct.[24]

The United States, however, argues that Plaintiff Rodriguez's claim accrued in 2010 when he did not receive a cardiac MRI, because he was aware that not receiving the test could possibly cause him injury in the future.[25] In support of its position, the United States cites to cases discussing the applicability of a discovery rule—that is, when the statute of limitations begins to run relative to when the plaintiff learns of the negligent conduct that caused his injury.[26]

But the cases do not support the United States's argument that the plaintiff's knowledge of the allegedly negligent conduct itself starts the clock on the statute of limitations even if the plaintiff has not yet been injured.

Plaintiff Rodriguez's claim accrued when he had a heart attack on December 17, 2012. He had two years from that date to file an administrative claim, which he did on April 26, 2014. Thus, his claim is not barred by the FTCA's two-year statute of limitations.

### B. Affidavit of Merit

The United States next argues that Plaintiff Rodriguez's suit must be dismissed because Plaintiff did not file an affidavit of merit with his complaint. Under the FTCA, "[l]iability is

---

[23] *Amburgey v. United States*, 733 F.3d 633, 637 (6th Cir. 2013) (quoting *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

[24] *See id.* at 636 (citing *Kubrick*, 444 U.S. at 113).

[25] *See* Doc. 6-1 at 5–6.

[26] *See id.* (citing *Kubrick*, 444 U.S. at 120, and *Hawkins v. Spitters*, 79 F. App'x 168 (6th Cir. 2003)).

Case No. 1:14-CV-02526
Gwin, J.

determined by reference to the law of the place where the act or omission occurred.'[27]

In order to limit frivolous malpractice actions, Ohio Civil Rule 10(D)(2) requires that "a complaint that contains a medical claim . . . shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability."[28] The affiant—who must be qualified as an expert witness under the Ohio Rules of Evidence—must say that the affiant has reviewed the relevant medical records, is familiar with the standard of care, and believes that the named defendants breached that standard.[29] A complaint that does not attach an affidavit of merit must be dismissed.[30]

Responding to the motion to dismiss, Plaintiff titled a portion of his brief in opposition "writ of merit," where he states—acting as his own expert witness[31]—why he believes "that Defendant United States of America committed malpractice of negligence."[32] Because the Court concludes below that Plaintiff was not required to file an affidavit of merit with his complaint, it need not decide whether this would satisfy the requirements of Ohio Rule 10(D)(2).

Similar to when it is sitting in diversity, a federal court in an FTCA case applies state substantive law and federal procedural law.[33] In its motion, the United States argues that Ohio Rule 10(D)(2) is a substantive rule that must be applied in this case. Several other courts in this district

---

[27]/28 U.S.C. § 1346(b); *see Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995).

[28]/Ohio Civ. R. 10(D)(2)(a).

[29]/*Id.*

[30]/*Fletcher v. Univ. Hosps. of Cleveland*, 897 N.E.2d 147, 170 (Ohio 2008).

[31]/Plaintiff Rodriguez is a doctor who has practiced family medicine for about forty years. *See* Doc. 9 at 2; Doc. 17 at 3–4.

[32]/*See* Doc. 9 at 4. Plaintiff reiterated the contents of this "writ of merit" in his sur-reply. *See* Doc. 17 at 2–3.

[33]/*Larca v. United States*, 302 F.R.D. 148, 155 (N.D. Ohio 2014) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)); *Thompson v. United States*, No. 1:13-cv-00550, 2013 WL 3480347, at *1 (N.D. Ohio July 10, 2013) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)). *See generally* Daniel A. Morris, Federal Tort Claims §§ 2:25, 2:32 (2015).

-6-

Case No. 1:14-CV-02526
Gwin, J.

have held that Ohio Rule 10(D)(2) is substantive, not procedural, because failing to include the affidavit of merit with a complaint requires dismissal and disregarding that requirement would significantly alter the course of the litigation.[34/]

This Court, however, along with others in this district, have discussed how this question of whether Ohio Rule 10(D)(2) is substantive or procedural somewhat misses the mark.[35/]  Under the Supreme Court's decision in *Shady Grove Orthopedic Associates v. Allstate Insurance Co.*, state law that directly "collides" with the Federal Rules does not apply in federal court.[36/]  "It is only *after* this analysis, and a finding of harmony as opposed to collision, that the federal court should concern itself with whether the state rule in question is a substantive one."[37/]  Such a collision occurs when a state law imposes additional requirements to bringing suit beyond what is required by the Federal Rules.

The courts in this district that have undertaken this preliminary analysis have concluded that Ohio Rule 10(D)(2) directly collides with Federal Rules of Civil Procedure 8 and 9.[38/]  Those rules tell a federal court litigant how to plead.  Applying Ohio Rule 10(D)(2) would make Plaintiff's claim subject to requirements beyond what is required by Rule 8—because that Rule requires nothing more

---

[34/] *E.g.*, *Daniel v. United States*, 716 F. Supp. 2d 694, 698 (N.D. Ohio 2010) (Gaughan, J.); *Fonseca v. United States*, No. 1:13-cv-1710, 2013 WL 6797736, at *3–4 (N.D. Ohio Dec. 23, 2013) (Boyko, J.); *Bennafield v. United States*, No. 4:12-cv-3010, 2013 WL 5173221, at *1–2 (N.D. Ohio Sept. 12, 2013) (Adams, J.); *Borders v. Lappin*, No. 1:11-cv-1514, 2013 WL 3804858, at *5 (N.D. Ohio July 19, 2013) (Pearson, J.); *Nicholson v. Catholic Health Partners*, No. 4:08-cv-2410, 2009 WL 700768, at *4–5 (N.D. Ohio Mar. 13, 2009) (Economus, J.).

[35/] *E.g.*, *Larca*, 302 F.R.D. at 155–60 (Lioi, J.); *Thompson*, 2013 WL 3480347 (Gwin, J.); *Muncy v. Siefker*, No. 3:12-cv-2301, 2013 WL 1284233, at *4–8 (N.D. Ohio Mar. 26, 2013) (Helmick, J.).

[36/] *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 421–22 (2010) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50 (1980)); *see also Hanna*, 380 U.S. at 470–74.

[37/] *Thompson*, 2013 WL 3480347, at *2 (citing *Hanna*, 380 U.S. at 473, and *Chamberlain v. Giampapa*, 210 F.3d 154, 159 (3d Cir. 2000)).

[38/] *Larca*, 302 F.R.D. at 159–60; *Thompson*, 2013 WL 3480347, at *3; *Muncy*, 2013 WL 1284233, at *5 (relying only on Fed. R. Civ. P. 8); *accord* Benjamin Grossberg, Comment, *Uniformity, Federalism, and Tort Reform: The Erie Implications of Medical Malpractice Certificate of Merit Statutes*, 159 U. Pa. L. Rev. 217 (2010).

-7-

Case No. 1:14-CV-02526
Gwin, J.

that a statement of the court's jurisdiction, a short and plain statement showing entitlement to relief,

and a demand—and Rule 9—because that Rule specifies a heightened pleading standard that only

applies in certain types of cases, such as those involving fraud or mistake.[39/]  Ohio Rule 10(D)(2)

imposes an additional pleading requirement not contemplated by either Federal Rule, and therefore

directly collides with them.

This Court has also previously held that Ohio Rule 10(D)(2) directly collides with Federal

Rule 11, which already seeks to limit frivolous complaints and specifies that a pleading generally

need not be accompanied by an affidavit.[40/]  Other courts in this district have not discussed the

impact of Rule 11 in their collision analysis, and the parties do not address it in their briefing in this

case.  Without belaboring the point, the Court will simply reiterate its prior holding that these

requirements of Rule 11 form part of the "finely crafted and comprehensive scheme" created by the

pleading requirements of the Federal Rules, and that applying Ohio Rule 10(D)(2) would "upset"

this scheme.[41/]

The United States argues that not applying Ohio Rule 10(D)(2) in federal courts leads to an

"'inequitable administration of the laws'" because cases that would have been dismissed had they

been brought in state court may proceed when brought in federal court.[42/]  But whether Plaintiff

Rodriguez's case would have a different outcome in state court is irrelevant at this stage of the

inquiry.  In fact, "the possibility that the same case may follow a different course if filed in federal

court instead of state court" is "the inevitable (indeed, one might say the intended) result of a

---

[39/]*Thompson*, 2013 WL 3480347, at *3 (citing Fed. R. Civ. P. 8, and Fed. R. Civ. P. 9).

[40/]*See id.* at *4 (citing Fed. R. Civ. P. 11).

[41/]*See id.* (citing Grossberg, *supra* note 38, at 251, 253).

[42/]*See* Doc. 6-1 at 13 (quoting *Hanna*, 380 U.S. at 468).

-8-

Case No. 1:14-CV-02526
Gwin, J.

uniform system of federal procedure" that was created by Congress.[43/]  Furthermore, although

applying Ohio Rule 10(D)(2) may require dismissing Plaintiff Rodriguez's claim at this stage, it

would be unlikely to have much effect on the ultimate outcome of his case.  Because the dismissal

would be "otherwise than on the merits," Plaintiff would have the opportunity to either re-file or

amend his complaint to include the affidavit of merit.[44/]  Thus, Defendant's argument that Ohio Rule

10(D)(2) must be applied because it is outcome-determinative is unpersuasive.

     The Sixth Circuit has not ruled on the question of whether Ohio Rule 10(D)(2) applies in

federal proceedings.  Instead, the United States points to two unpublished Sixth Circuit cases that

upheld dismissals of FTCA medical malpractice claims brought by pro se prisoners because they

failed to file certificates of good faith required under Tennessee law.[45/]  These terse orders do not

even discuss the procedural-substantive distinction, let alone the direct collision issue; they simply

say that Tennessee law applies and move on.

     More importantly, the Tennessee law at issue in those cases is different from Ohio Rule

10(D)(2).  At the time those cases arose, Tennessee required that a certificate of good faith be filed

within ninety days of the filing of the complaint in a medical malpractice action,[46/] but only in cases

where expert testimony is necessary to establish liability because the negligence would not be

---

[43/]*Shady Grove*, 559 U.S. at 416 (opinion of Scalia, J.).

[44/]*See Muncy*, 2013 WL 1284233, at *7 (citing *Troyer v. Janis*, 971 N.E.2d 862, 862 (Ohio 2012), and *Fletcher*, 897 N.E.2d at 151); Ohio Civ. R. 10(D)(2)(b)–(d).

[45/]*See Daniels v. United States*, No. 11-5009, 2011 U.S. App. LEXIS 26533 (6th Cir. Oct. 7, 2011); *Ayala v. United States*, No. 12-5474, slip op. at 2 (6th Cir. Jan. 10, 2013).

[46/]Tenn. Code Ann. § 29-26-122(a) (2008), *amended by* 2009 Tenn. Pub. Acts 425.  The Tennessee statute at issue in those cases has since been amended, and now requires the certificate of good faith be filed simultaneously with the complaint.  *See* Tenn. Code Ann. § 29-26-122(a) (2012).

Case No. 1:14-CV-02526
Gwin, J.

obvious to the average juror.[47]  These requirements are different from Ohio Rule 10(D)(2), which requires an affidavit of merit be filed simultaneously with the complaint in every case that involves a "medical claim."  These differences would certainly come into play were the Court to decide whether Tennessee's certificate of good faith requirement directly collides with the Federal Rules.[48]  But they do not persuade the Court to deviate from its prior decision that Ohio Rule 10(D)(2) directly collides with the Federal Rules.

Finally, the Court notes that the United States makes no argument that any of the Federal Rules discussed above are improperly enacted.  Upon a finding of a direct collision between a federal enactment and a state rule, this Court "must decide whether application of the federal rule represents a valid exercise of the rule making authority bestowed on [the Supreme Court] by the Rules Enabling Act."[49]  Should the federal rule "abridge, enlarge or modify any substantive right," it is presumed invalid."[50]  Because the plaintiff's failure to provide an affidavit of merit in an Ohio case operates "as a failure otherwise than on the merits," and the affidavit of merit is not admissible as evidence, the affidavit of merit plays no substantive role in the outcome of the action.[51]  Thus, the Federal Rules discussed above do not exceed the authority of the Rules Enabling Act.[52]

In short, Federal Rule of Civil Procedure 8, not Ohio Civil Rule 10(D)(2), provides the pleading standard for Plaintiff Rodriguez's claim.  Federal Rule 8 does not require Plaintiff to have

---

[47]/*See* Estate of French v. Stratford House, 333 S.W.3d 546, 555 (Tenn. 2011).

[48]/*See Larca*, 302 F.R.D. at 158–59 (collecting and distinguishing cases from other jurisdictions that "involve affidavit requirements that are not pleadings and need not be filed until well after the complaint" (internal quotation marks omitted)).

[49]/*Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring) (quotations, citations, and alterations omitted).
[50]/28 U.S.C. § 2072(b).

[51]/*Muncy*, 2013 WL 1284233, at *7 (citing Ohio Civ. R. 10(D)(2)(d), and *Fletcher*, 897 N.E.2d at 151).
[52]/*Larca*, 302 F.R.D. at 159–60; *Muncy*, 2013 WL 1284233, at *7–8.

-10-

Case No. 1:14-CV-02526
Gwin, J.

filed an affidavit of merit.  Thus, there is no reason to dismiss Plaintiff's claim for failing to attach

an affidavit of merit to his complaint.

### IV. Conclusion

For the foregoing reasons the Court **DENIES** Defendant United States of America's motion

to dismiss.

IT IS SO ORDERED.


Dated: July 23, 2015                                    s/          *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE