UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------

| | | |
|---|---|---|
| | : | |
| VICTORIO C. RODRIGUEZ, | : | CASE NO. 1:14-CV-02526 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 40] |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case brought under the Federal Tort Claims Act ("FTCA"), Plaintiff Victorio

Rodriguez failed to appear to  his court-ordered deposition on August 3, 2015.[1/]  Defendant

United States of America has moved to dismiss the suit pursuant to Rule 41(b) for failure to

prosecute.[2/]

"The dismissal of a claim for failure to prosecute is a harsh sanction which the court

should order only in extreme situations showing a clear record of contumacious conduct by the

plaintiff."[3/]   In deciding whether to dismiss this case because of Rodriguez's failure to attend his

deposition, the Court considers four factors: (1) whether the party's failure is due to willfulness,

bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3)

whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4)

_____

[1/] Doc. 37 (granting Defendant's motion to compel).

[2/] Doc. 40. Plaintiff opposes. Doc. 41. Defendant has filed a reply. Doc. 42. Plaintiff has, without the Court's leave, filed a sur-reply.  Doc. 43.  Although not authorized under the Rules, *see* L.R. 7.1, Defendant has not objected to the sur-reply and therefore the Court will consider it.

[3/] *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks omitted).

-1-

Case No. 1:14-CV-02526
Gwin, J.

whether less drastic sanctions were imposed or considered before dismissal was ordered.[4]

Plaintiff Rodriguez has failed to comply with the Court's ordered deposition on August 3, 2015.  He failed to make himself available for any alternative dates.  He offers no independent assessment of his physical health, the stated reason for his failure to appear.  Plaintiff Rodriguez offers to respond to a written deposition instead.  However, a written deposition is not equivalent to an oral deposition, especially given the nature of Rodriguez's claims.

Nevertheless, dismissing the case with prejudice is a drastic remedy at this stage.  The Court **DENIES** the motion to dismiss.  But in light of Plaintiff's failure to cooperate in discovery, the Court hereby **ORDERS** that Rodriguez will not be allowed to offer his own testimony in affidavits or by trial testimony until he has submitted to a deposition under oral examination by Defendant.  The Court **GRANTS** Defendant's request that Plaintiff pay $87.60 in fees associated with the attempted deposition.

IT IS SO ORDERED.

Dated: August 24, 2015                                          s/        *James S. Gwin*
                                                                                   JAMES S. GWIN
                                                                                   UNITED STATES DISTRICT JUDGE

---

[4] *Id.*