UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
VICTORIO C. RODRIGUEZ,                              :        CASE NO. 1:14-CV-02526
                                                    :
                    Plaintiff,                       :
                                                    :
v.                                                  :        OPINION & ORDER
                                                    :        [Resolving Docs. 46, 47]
UNITED STATES OF AMERICA,                           :
                                                    :
                    Defendant.                       :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this case brought under the Federal Tort Claims Act ("FTCA"), Plaintiff Victorio

Rodriguez filed a motion to strike the Defendant's pending summary judgment motion, attaching

in support his own testimony as an expert witness.[1]  Defendant United States of America moved to

strike Plaintiff's expert witness statement in light of this Court's earlier order prohibiting Rodriguez

from submitting testimony until he has submitted to a deposition upon oral examination.[2]

         Other courts have held that a party cannot serve as his own expert witness.  In such a case,

the plaintiff, "has been personally involved at every level of the instant action and his role as . . .

current plaintiff, attorney and expert witness would be unfairly prejudicial, misleading and confusing

to the jury."[3]  Thus, a plaintiff's testimony as a "proposed expert on his own behalf" would probably

_____

        [1] Doc. 46.
        [2] Doc. 47; Doc. 45 (holding that Plaintiff would not be permitted to offer his own testimony in affidavits or by
trial testimony until he submits to a deposition under oral examination).
        [3] Ordon v. Karpie, 543 F.Supp.2d 124 (D. Conn. 2006) (quoting Kranis v. Scott, 178 F.Supp.2d 330, 333-34
(E.D.N.Y. 2002)) (holding that an attorney could not serve as his own expert witness in a legal malpractice action).

Case No. 1:14-CV-02526
Gwin, J.

be inadmissible under Federal Rule of Evidence 403.[4/]

Regardless of whether Plaintiff Rodriguez can offer expert testimony in support of his own claims, the Plaintiff cannot give expert testimony at this stage because he has not yet submitted to an oral deposition.

The Court therefore **GRANTS** Defendant's motion to strike Plaintiff's expert witness statement.  Additionally, the Court **DENIES** Plaintiff's motion to strike the Defendant's pending summary judgment motion.  Plaintiff has not produced any relevant legal or factual support for the motion.

IT IS SO ORDERED.


Dated: September 4, 2015                          s/        *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[4/]The *Ordon* court also expressed concern that serving as one's own witness would be in violation of Federal Rule of Evidence 702, because the plaintiff's testimony would not "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.*