```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
VICTORIO C. RODRIGUEZ,                          :      CASE NO. 1:14-CV-02526
                                                :
        Plaintiff,                              :
                                                :
v.                                              :      OPINION & ORDER
                                                :      [Resolving Docs. 44]
UNITED STATES OF AMERICA,                       :
                                                :
        Defendant.                              :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case brought under the Federal Tort Claims Act ("FTCA"), Defendant United States of America moved for summary judgment.[1] Plaintiff Victorio Rodriguez had until August 31, 2015 to respond.[2] Plaintiff did not filed responsive papers.

**I. Background**

The full factual background of the case is set out in the Court's order denying Defendant United States' motion to dismiss.[3] As is relevant for this motion, Plaintiff makes out a claim under the FTCA, alleging that he received negligent medical care from the Department of Veterans Affairs ("VA") and that care led to him having a heart attack.

The Court ordered Plaintiff to identify the medical expert who would speak to the standard of care allegedly violated by the VA doctors. Plaintiff was ordered to identify the expert by June 22,

---

[1] Doc. 44.
[2] Doc. 19.
[3] Doc. 33.

Case No. 1:14-CV-02526
Gwin, J.

2015 and to produce an expert report by August 11, 2015.[4]

On June 18, 2015 Plaintiff identified himself as the expert witness.[5] Defendant then sought to depose Plaintiff but Plaintiff failed to appear for deposition.[6] As a result, the Court ordered that Plaintiff would not be permitted to offer his own testimony in affidavits or by trial testimony until he submitted to a deposition.[7]

On August 26, 2015, Plaintiff filed a motion to strike Defendant's summary judgment motion, supported by his an affidavit that purported to be his own expert testimony.[8] Defendant moved to strike the expert witness statement.[9] The Court granted Defendant's motion. The Court noted concerns about whether Plaintiff's testimony as his own expert witness would be admissible, but ultimately decided that Plaintiff could not submit the testimony regardless because he had continued to not make himself available for deposition.[10]

Defendant now moves for summary judgment, arguing that Plaintiff's cannot meet the required elements to make out his claim because of his failure to provide the required expert testimony.[11]

---

[4] Doc. 20. Trial was scheduled for November 9, 2015. As Plaintiff was required to submit an expert report no later than 90 days before trial, the relevant date was August 11, 2015.

[5] Doc. 26.

[6] Doc. 24.

[7] *Id.*

[8] Doc. 46.

[9] Doc. 47; Doc. 45 (holding that Plaintiff would not be permitted to offer his own testimony in affidavits or by trial testimony until he submits to a deposition under oral examination).

[10] Doc. 49.

[11] Doc. 44.

Case No. 1:14-CV-02526
Gwin, J.

## II. Legal Standard

*A. Summary Judgment*

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[12] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[13] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[14] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[15] But the Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[16]

The failure to submit briefing opposing the motion for summary judgment does not automatically result in the motion being granted. Courts are still required, at a minimum, to examine the movant's motion for summary judgment to ensure that it has met the burden imposed Rule 56. "The moving party may make this showing by demonstrating the absence of evidence to support one of the essential elements of the nonmoving party's claim."[17]

---

[12] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. Pro. 56(a)).
[13] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[14] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[15] *Id.* at 586.
[16] *Killion*, 761 F.3d at 580. (internal citation omitted).
[17] *Marie v. American Red Cross*, 771 F.3d. 344, 351 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 322-325)

Case No. 1:14-CV-02526
Gwin, J.

### B. Federal Tort Claims Act

Under the FTCA, a plaintiff may sue the United States for damages caused by its employees acting within the scope of their employment.[18] Courts refer to the law of the state where the alleged act or omission occurred to determine FTCA liability.[19]

### C. Ohio Medical Malpractice Law

To make out a medical malpractice claim under Ohio law, a plaintiff must show: (1) the applicable standard of medical care; (2) defendant's negligent failure to meet that standard; and (3) that the defendant's negligence proximately caused the plaintiff's injury.[20] Ohio law also requires the plaintiff to offer expert testimony to establish proximate causation.[21] This expert must be "qualified to express an opinion concerning the specific standard of care that prevails in the medical community in which the alleged malpractice took place."[22] "The standard of care for a physician or surgeon in the practice of a board certified medical or surgical specialty should be that of a reasonable specialist practicing medicine or surgery in that same specialty in the light of present day scientific knowledge in that specialty field."[23]

---

[18] 28 U.S.C. § 2674.
[19] 28 U.S.C. § 1346(b)(1); *see also* *Rayonier Inc. v. United States*, 352 U.S. 315, 319 (1957); *Flechsig v. United States*, 991 F.2d 300, 302 (6th Cir. 1993).
[20] *Bruni v. Tatsumi*, 346 N.E.2d 673 (Ohio 1976).
[21] *Id.* at 677 ("Proof of the recognized standards must necessarily be provided through expert testimony").
[22] *Id.*
[23] *Id.* at 675.

-4-

Case No. 1:14-CV-02526
Gwin, J.

### III. Analysis

Plaintiff must be able to make out a medical malpractice claim under Ohio law to have a viable claim under the Federal Tort Claims Act ("FTCA"). The Sixth Circuit has applied the expert testimony rule in Ohio medical malpractice to actions brought under the FTCA.[24]

Plaintiff has not furnished any evidence that could be the basis for the expert testimony he needs for his claim to survive. As a preliminary matter, Plaintiff did not file an expert report by the required date. This alone is sufficient grounds to grant the motion for summary judgment.

Even assuming Plaintiff's statements accompanying his August 26, 2015 motion to strike were timely or were admissible — neither of which they were — they do not constitute expert testimony that could defeat summary judgment. Plaintiff has stated that he is a "family practice /general practice" doctor.[25] He is not qualified as a specialist in the field of cardiology. He thus cannot speak to the standard of care in the field.

Because of Plaintiff's failure to provide the expert testimony required under Ohio medical malpractice law, the Court **GRANTS** Defendant's motion for summary judgment.

Dated: September 15, 2015            *s/      James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE

---

[24] Lyons v. Brandly, 430 F. App'x 377, 381 (6th Cir.2011), *cert. denied*, 132 S.Ct. 1721 (2012).
[25] Doc. 26.